# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

FILED BY _____ AP _____ D.C.

Mar 17, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

For rules and forms visit
www.ca11.uscourts.gov

March 17, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 20-10797-BB
Case Style: USA v. Alain Belizaire
District Court Docket No: 0:19-cr-60244-UU-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 20-10797

_____

District Court Docket No.
0:19-cr-60244-UU-1

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

versus

ALAIN BELIZAIRE,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 16, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

ISSUED AS MANDATE 03/17/2021

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10797
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cr-60244-UU-1

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

ALAIN BELIZAIRE,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2021)

Before WILSON, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Alain Belizaire appeals his sentence of 240 months imprisonment, arguing that it is substantively unreasonable. On December 4, 2019, Belizaire pled guilty to one count of conspiracy to possess with intent to distribute cocaine, crack cocaine, fentanyl, and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. He was subsequently sentenced to 240 months imprisonment, followed by three years supervised release. Belizaire argues that his sentence is substantively unreasonable because the district court failed to impose a sentence that was "sufficient, but not greater than necessary" to achieve the goals of punishment, deterrence, and rehabilitation, as required under 18 U.S.C. § 3553(a).

We review the substantive reasonableness of an imposed sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging [the] sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded [to] sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Section § 3553 governs the imposition of sentences. The sentence imposed shall be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public

2

from further crimes of a defendant, and provide treatment, care, or training to a defendant in the most effective manner. 18 U.S.C. § 3553(a)(2). Among other factors, the district court must also consider the "nature and circumstances of the offense," "the history and characteristics of the defendant," the applicable guidelines range, and the "need to avoid unwarranted sentence disparities" among people with similar records who were found guilty of similar conduct. *Id.* § 3553(a)(1)–(7).

While the district court must consider all applicable factors, "how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (internal quotation mark omitted). The sentencing court may attach "great weight to one factor over others." *Id.* (internal quotation marks omitted). The district court need not discuss each factor explicitly; an acknowledgment that the court "has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

An imposed sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."

*Rosales-Bruno*, 789 F.3d at 1256. Ordinarily, a sentence within the guideline range is reasonable. *Gonzalez*, 550 F.3d at 1324.

Here, Belizaire's sentence is not substantively unreasonable. The district court considered the nature, circumstances, and seriousness of the offense. The court acknowledged that Belizaire was remorseful, that he had been cooperating with the government—though it had not yet led to an arrest—and that the crime had resulted in someone's death. In light of all of the factors, the judge reasoned that a 240-month sentence was appropriate. This sentence is within the guidelines range.

The district court was not required to expressly address each of the § 3553(a) factors. *Id.* It was within the district court's discretion to give more weight to the seriousness and outcome of the offense and less weight to Belizaire's remorsefulness or commitment to rehabilitating himself. Belizaire failed to meet his burden to show that his sentence is unreasonable. Accordingly, we affirm.

**AFFIRMED**.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 16, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-10797-BB
Case Style: USA v. Alain Belizaire
District Court Docket No: 0:19-cr-60244-UU-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, BB at (404) 335-6174.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion